FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00029-CMA-KLM

LARRY J. PRICE, individually and as son and beneficiary of Tiena A. Price, deceased,

    Plaintiff,

v.

STEPHEN P. PRICE, individually and in his official capacity as Guardian, Conservator, and Trustee,
ALLAN S. PRICE,
COLUMBINE COMMONS HEALTH & REHAB CENTER, a Colorado corporation and skilled nursing facility, and
STATE OF COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT,

    Defendants.

---

**ORDER DENYING DEFENDANT COLUMBINE'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

---

The matter comes before the Court on Defendant Columbine Commons Health and Rehab Center's ("Columbine Commons") Motion to Dismiss With Prejudice for Failure to File a Certificate of Review (Doc. # 14) and Plaintiff Larry Price's subsequent Motion for Extension of Time to Obtain and File Certificate of Review (Doc. # 18). For the reasons discussed below, the Court denies Defendant Columbine Commons's Motion to Dismiss as premature and denies Plaintiff's Motion for Extension of Time for failing to assert good cause.

# I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Larry Price is the son of Tiena Price, now deceased, and has four brothers and sisters: Stephen, Allan, Linda, and Diana (now deceased). (Doc. # 1 at 5.) Plaintiff's Complaint arises out of the appointment of his mother's guardian, the placement of his mother in a nursing home facility, and his mother's death. *See generally* (*id.*) Plaintiff, acting *pro se*, asserts claims against his brother, Defendant Stephen Price; his other brother, Defendant Allan Price; the nursing home at which his mother was admitted, Columbine Commons in Windsor, Colorado; and the Colorado Department of Public Health and Environment ("CDPHE"). (*Id.* at 5–7.) Plaintiff's Complaint, filed January 4, 2018, alleges:

1) General negligence – wrongful death, against Defendants Stephen Price and Columbine Commons;

2) Gross negligence – intentional misconduct, against Defendants Stephen Price and Columbine Commons;

3) Denial of due process under 42 U.S.C. § 1983, against all Defendants;

4) Violation of the Nursing Home Reform Act Amendments, 42 U.S.C. § 1396r, against Defendant Columbine Commons;

5) Wrongful death – felonious killing, against Defendants Stephen Price, Allan Price, and Columbine Commons; and

6) Wrongful death, against all Defendants.

(*Id.* at 21–39.)  On February 7, 2018, Plaintiff moved for an extension of time to complete effective service of process (Doc. # 6), which the Court referred to United States Magistrate Judge Kristen L. Mix (Doc. # 9).

All Defendants then individually filed a series of Motions to Dismiss.  On February 13, 2018, Defendant Stephen Price filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim.  (Doc. # 10.)  Plaintiff untimely responded to Defendant Stephen Price's Motion to Dismiss on March 8, 2018.  (Doc. # 17.)  On March 6, 2018, Defendant Columbine Commons filed its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (Doc. # 12), and CDPHE filed its Motion to Dismiss (Doc. # 13).  On March 7, 2018, Defendant Columbine Commons filed its second motion to dismiss—at issue in this Order, its Motion to Dismiss With Prejudice for Plaintiff's Failure to File a Certificate of Review ("Motion to Dismiss").  (Doc. # 14.)  Finally, on March 23, 2018, Defendant Allan Price filed his Motion to Dismiss for Improper Service.  (Doc. # 22.)

On March 20, 2018, Plaintiff filed his Motion for Extension of Time to Obtain and File Certificate of Review ("Motion for Extension of Time").  (Doc. # 18.)  Plaintiff seeks to "extend his time to obtain and file a Certificate of Review of alleged Negligence by Defendant [Columbine Commons] . . . by forty-five (45) days"—from March 5, 2018, to April 19, 2018.  (*Id.* at 1.)  Defendant Columbine Commons responded in opposition to Plaintiff's Motion for Extension of Time on March 23, 2018.  (Doc. # 20.)

Because Defendant Columbine Common's Motion to Dismiss (Doc. # 14) and Plaintiff's Motion for Extension of Time (Doc. # 18) concern the same issue, the Court addresses both motions in this Order.

## II. LEGAL PRINCIPLES

Plaintiff is a *pro se* litigant. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III. DISCUSSION

Defendant Columbine Commons requests that the Court dismiss with prejudice "all claims alleging professional negligence on behalf of Columbine employees" for failure to file a certificate of review. (Doc. # 14 at 4.) The Court begins its analysis by

4

identifying the relevant statutory authority and then applies it to the instant action. The Court concludes that both motions at issue must be denied.

## A. STATUTORY REQUIREMENT FOR A CERTIFICATE OF REVIEW

Colorado law requires:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint . . . against such person unless the court determines that a longer period is necessary for good cause shown.

Colo. Rev. Stat. § 13-20-602(1)(a). This requirement does not apply exclusively to negligence claims. *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992). Rather, the statute broadly includes "every claim which requires proof of professional negligence as a predicate to recovery, whatever the formal designation of the claim might be." *Id*. The purpose of Section 13-20-602 is "to demonstrate that the plaintiff has consulted a person who has expertise and that such person had concluded that the plaintiff's claim is meritorious." *State v. Nieto*, 993 P.2d 493, 502 (Colo. 2000) (citing *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo. 1999)); *see also* Colo. Rev. Stat. § 13-20-601. "Specifically, the statute aids in avoiding unnecessary time and costs in defending professional negligence cases, weeding out frivolous claims and putting a defendant on notice of the development of the theory of the case." *Shelton*, 984 P.2d at 628.

A plaintiff who neglects to file a certificate of review within the statutorily mandated time period may be afforded additional time to file a certificate if "a longer period is necessary for good cause shown." Colo. Rev. Stat. § 13-20-602(1)(a). To

determine whether good cause exists, a trial court must consider: "(1) whether the neglect causing the late filing was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party." *RMB Serv., Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo. App. 2006) (citing *Hane v. Tubman*, 899 P.2d 332, 335 (Colo. App. 1995)). The trial court may deny a motion to extend the filing period "for failure to satisfy any one of the three criteria." *RMB Serv.*, 151 P.3d at 676. However, the court must consider all three criteria because evidence relating to one factor might shed light on another. *Id.* (citing *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. App. 2002)).

Where plaintiff fails to show good cause, "[t]he failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint." Colo. Rev. Stat. § 13-20-602(4). The entire complaint need not be dismissed. *Nieto*, 993 P.2d at 505. Only claims "based on the professional negligence or the malpractice of a licensed professional . . . must be dismissed." *Id*. Other claims made in the complaint "but not based on conduct amounting to professional malpractice or negligence should not be affected by the failure to file the certificate of review." *Id*. (citing *Martinez*, 842 P.2d at 249–50).

Finally, the requirements of Section 13-20-602 "are applicable to civil actions of licensed professionals filed by nonattorney *pro se* plaintiffs," as is the case here. *Yadon*, 64 P.3d at 912.

**B. APPLICATION**

Defendant Columbine Commons seeks to dismiss only those claims that are asserted against its healthcare providers and are based on alleged professional negligence. *See* (Doc. # 14 at 2.) The Court assumes that Defendant Columbine Commons therefore seeks dismissal of the following claims: Claim 1, for general negligence – wrongful death; Claim 2, for gross negligence – intentional misconduct; and Claim 6, for wrongful death.[1] *See* (Doc. # 1 at 21–39.)

As a threshold matter, Claims 1, 2 and 6 fall within the scope of Section 13-20-602 because they are based on allegedly negligent conduct and require expert testimony to establish the scope of Defendant Columbine Commons's healthcare professionals' duties. The Court is also satisfied that these three claims require Plaintiff to establish prima facie cases by means of expert testimony. *See Martinez*, 842 P.2d at 249. "It is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured." *Shelton*, 984 P.2d at 627; *see Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 54 (10th Cir. 2003) (holding that Colorado law required the plaintiff to submit a certificate of review with his negligent medical malpractice claim); *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003), *cert. denied*, No. 03SC158, 2003 WL 21488739 (holding that where the

---

[1] The Court concludes that Plaintiff's other claims against Defendant Columbine Commons—Claim 3, for denial of due process; Claim 4, for violation of the Nursing Home Reform Act Amendments; and Claim 5, for wrongful death – felonious killing—are not at issue in the motions now before the Court because Plaintiff alleges that Defendant Columbine Commons acted intentionally, as opposed to negligently, in those Claims. *See* (Doc. # 1 at 24–37.)

7

plaintiff asserted a medical negligence claim, the claim "required expert testimony and, consequently, a certificate of review."). Moreover, by filing his Motion for Extension of Time and requesting forty-five additional days to obtain and file a certificate of review, Plaintiff implicitly concedes that Section 13-20-602 is applicable to his claims against Defendant Columbine Commons. *See* (Doc. # 18.)

    1.    <u>Defendant Columbine Commons's Motion to Dismiss is Premature</u>

The Court begins by addressing Defendant Columbine Commons's Motion to Dismiss. (Doc. # 14.) A certificate of review must be filed "within sixty days after the service of the complaint." Colo. Rev. Stat. § 13-20-602(1)(a); *Martinez*, 842 P.2d at 250. "The plain meaning of the statute is clear;" the sixty-day filing period begins "when the complaint was served." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996). If a plaintiff determines that timely filing is not possible, "the plaintiff must request an order extending the filing period, for good cause, which request should normally be filed within the sixty-day time period." *Martinez*, 842 P.2d at 251.

Here, Plaintiff served Defendant Columbine Commons on February 13, 2018. *See* (Doc. # 15-3.) Plaintiff therefore has until April 16, 2018, to file a certificate of review or request an order extending the filing period. Plaintiff filed his Motion for Extension of Time well within this sixty-day filing period, *see* (Doc. # 18), and he still has several days in which he could file a certificate of review. Defendant Columbine Commons's Motion to Dismiss is therefore premature. *See* (Doc. # 14.)

Defendant Columbine Commons misapprehends Section 13-20-602. Defendant Columbine Commons states that because Plaintiff filed his Complaint of January 4, 2018, Plaintiff was required to file a certificate of review by March 6, 2018. (Doc. # 14 at 2.) However, the event that triggers the sixty-day window is not the filing of a complaint. It is rather the **service** of the complaint. Colo. Rev. Stat. § 13-20-602(1)(a); *Trierweiler*, 90 F.3d at 1541. Because Plaintiff has complied with and may yet continue to comply with Section 13-20-602, the Court dismisses Defendant Columbine Commons's Motion to Dismiss as premature.

2. Plaintiff Fails to Assert Good Cause for an Extension of Time

Turning to Plaintiff's Motion for Extension of Time, (Doc. # 18), the Court determines whether "good cause" exists to allowing an extension of the sixty-day filing period. This inquiry requires consideration of three factors, as the Court previously explained, and a motion for extension of time may be denied for failure to satisfy any one of the three factors. *RMB Serv.*, 151 P.3d at 676. The Court's concludes that Plaintiff fails to establish good cause warranting an extension of time.

The first factor, whether a delay of filing a certificate of review is excusable, bears most heavily on the Court's decision. Plaintiff offers **no** justification for requesting an extension of time. *See* (Doc. # 18.) He merely states that "[s]ervice of process on all Defendants . . . was successfully completed on [February 21, 2018]," and asks the Court "to extend his time to obtain and file a Certificate of Review . . . by forty-five (45)

days from March 5, 2018, to April 19, 2018."[2] (*Id*. at 1–2.)  Even taking into account Plaintiff's *pro se* status, the absence of **any** justification for extending Plaintiff's filing period demands that the Court deny Plaintiff's Motion for Extension of Time.  *Cf. Yardon*, 64 P.3d at 913 (finding a late filing was excusable where the plaintiff "could not have anticipated that the physician he initially consulted would later refuse to verify the certificate of review"); *Hane*, 899 P.2d at 334–35 (excusing an untimely filing where the plaintiff's counsel's concession that failure to file a certificate was solely the result of counsel's inadvertence and that the plaintiff's counsel had secured the necessary information to prepare and file a certificate well before the filing deadline).

The second factor also weighs against granting Plaintiff's Motion for Extension of Time; at this juncture, the Court is not convinced that Plaintiff has alleged meritorious claims against Defendant Columbine Commons.[3]  The third factor, equitable considerations, is neutral.  Though Defendant Columbine Commons asserts that Plaintiff "put himself into [this] position," *see* (Doc. # 20 at 4), Plaintiff's filings suggest to the Court that Plaintiff does not comprehend the procedural rules by which the Court operates.[4]

Based on the foregoing, Plaintiff has not established good cause that warrants an extension of time to file the required certificate of review.

---

[2] Plaintiff apparently misconstrues when the sixty-day filing period begins in the same way that Defendant Columbine Commons does.
[3] The Court will further explore the sufficiency of Plaintiff's claims when it addresses the remaining motions to dismiss.
[4] For example, Plaintiff's Motion for Extension of Time contains blank spaces with handwritten question marks in them.  (Doc. # 18 at 2.)

## IV. <u>CONCLUSION</u>

Accordingly, the Court ORDERS that Defendant Columbine Commons's Motion to Dismiss (Doc. # 14) is DENIED as premature. It is

FURTHER ORDERED that Plaintiff's Motion to Extension of Time (Doc. # 18) is DENIED. Plaintiff shall file a certificate of review or an amended motion for an extension of time on or before April 16, 2018.

DATED: April 3, 2018

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge