# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 18-cv-00029-CMA-SKC

LARRY J. PRICE, individually and as son and beneficiary of Tiena A. Price, deceased,

     Plaintiff,

v.

STEPHEN P. PRICE, individually and in his official capacity as Guardian, Conservator, and Trustee,
ALLAN S. PRICE,
COLUMBINE COMMONS HEALTH & REHAB CENTER, a Colorado corporation and skilled nursing facility, and
STATE OF COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT,

     Defendants.

---

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

---

     This matter comes before the Court on Defendants' several Motions to Dismiss:

1. Defendant Stephen Price's *pro se* Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, filed February 13, 2018 (Doc. # 10), to which Plaintiff Larry Price untimely responded on March 8, 2018[1] (Doc. # 17);

2. Defendant Columbine Commons Health & Rehab Center's ("Defendant Columbine") Motion to Dismiss Pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6), filed March 6, 2018 (Doc. # 12), to which Plaintiff untimely

---

[1] Plaintiff Larry Price filed his Response to Defendant Stephen Price's Motion to Dismiss two days after the deadline for such a response had passed. *See* D.C.COLO.LCivR 7.1(d) (a responding party shall have 21 days after the date of service of a motion in which to file a response).

responded on March 30, 2018 (Doc. # 23).  Defendant Columbine replied in support of its Rule 12(b) Motion to Dismiss on April 13, 2018 (Doc. # 28);

3. Defendant Colorado Department of Public Health and Environment's ("Defendant CDPHE") Motion to Dismiss, filed March 6, 2018 (Doc. # 13), to which Plaintiff untimely responded on March 30, 2018 (Doc. # 24).  Defendant CDPHE replied in support of its Motion to Dismiss on April 10, 2018 (Doc. # 27);

4. Defendant Allan Price's *pro se* Motion to Dismiss for Improper Service Pursuant to Federal Rule of Civil Procedure 4, filed March 23, 2018 (Doc. # 22), to which Plaintiff responded on April 13, 2018 (Doc. # 29).  Defendant Allan Price replied in support of his Motion to Dismiss on April 24, 2018 (Doc. # 35);

5. Defendant Allan Price's *pro se* Motion to Dismiss for Untimely Alleged Service of Summons (Doc. # 36); and

6. Defendant Columbine's third Motion to Dismiss for Failure to File a Certificate of Review, filed August 15, 2018 (Doc. # 48).

For the reasons discussed below, the Court concludes that it lacks jurisdiction over Plaintiff's claims and therefore dismisses the entire matter, as Defendant Columbine urges (Doc. # 12).  The Court grants Defendant Columbine's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (*id.*) and denies as moot the remaining Defendants' various Motions to Dismiss in light of the Court's conclusion.

## I.      **BACKGROUND AND PROCEDURAL HISTORY**

As the Court explained in its previous Order (Doc. # 25), Plaintiff Larry Price is the son of Tiena Price, now deceased, and has four brothers and sisters: Stephen, Allan, Linda, and Diana (now deceased).  (Doc. # 1 at 5.)  Plaintiff's Complaint arises out of the appointment of his mother's guardian, the placement of his mother in a nursing home facility, and his mother's death.  *See generally* (*id.*)  Plaintiff, acting *pro se*, asserts claims against his brother, Defendant Stephen Price; his other brother,

Defendant Allan Price; the nursing home at which his mother was admitted, Columbine

Commons in Windsor, Colorado; and the Colorado Department of Public Health and

Environment.  (*Id.* at 5–7.)   Plaintiff's Complaint, filed January 4, 2018, alleges:

1) General negligence – wrongful death, against Defendants Stephen Price and Columbine;

2) Gross negligence – intentional misconduct, against Defendants Stephen Price and Columbine;

3) Denial of due process under 42 U.S.C. § 1983, against all Defendants;

4) Violation of the Nursing Home Reform Act Amendments, 42 U.S.C. § 1396r, against Defendant Columbine;

5) Wrongful death – felonious killing, against Defendants Stephen Price, Allan Price, and Columbine; and

6) Wrongful death, against all Defendants.

(*Id.* at 21–39.)

Plaintiff asserts that this Court has jurisdiction over "all causes of action and

parties in this case" pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.  (*Id.* at 4.)  As to

Section 1331, regarding federal question jurisdiction, Plaintiff asserts that "there are

federal questions to be answered." (*Id.*)  As to Section 1332, regarding diversity

jurisdiction, Plaintiff states that his case concerns "damages in excess of $75,000" and

involves "parties from both Colorado and Texas." (*Id.*)  Finally, Plaintiff invokes

supplemental jurisdiction under Section 1367 as to "the claims against all parties [that]

are so intertwined they cannot be separated." (*Id.*)

## II.    APPLICABLE LEGAL STANDARDS

### A.    *PRO SE* STATUS

Plaintiff is a *pro se* litigant.  The Court, therefore, reviews his pleading "liberally

and hold[s] [it] to a less stringent standard than those drafted by attorneys."  *Trackwell*

*v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a

*pro se* litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d

1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts

that have not been alleged, or that a defendant has violated laws in ways that a plaintiff

has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

*Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170,

1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round

out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (a court may not "construct arguments or theories for the plaintiff in the absence

of any discussion of those issues").  Nor does *pro se* status entitle a litigant to an

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.    SUBJECT MATTER JURISDUCTION

The objection that a federal court lacks subject matter jurisdiction may be raised

by a party or by the Court *sua sponte* at any stage in the litigation.  *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, 506 (2006).  It is the plaintiff's burden to allege facts in his

complaint sufficient to show that the Court has subject matter jurisdiction, which can

arise from either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction,

28 U.S.C. § 1332.  *Reedom v. Crappell*, 591 F. App'x 691, 692 (10th Cir. 2015).

Though the Court construes *pro se* pleadings liberally, a *pro se* litigant, like Plaintiff in

this matter, must follow the same rules of procedure that govern other litigants.  *Id*.

Should the Court determine that it does not have subject matter jurisdiction, it

must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d

1361, 1366 (10th Cir. 1982).

## III.    DISCUSSION

### A.    THE COURT LACKS FEDERAL QUESTION JURISDICTION, AS CLAIMS 3 AND 4 FAIL TO STATE CLAIMS FOR RELIEF AND MUST BE DISMISSED

The Constitution provides that federal courts may be given jurisdiction over

"Cases, in Law and Equity, arising under this Constitution, the Laws of the United

States, and Treaties made, or which shall be made, under their authority."  U.S. Const.,

Art. III., § 2.  Congress gave federal courts general original jurisdiction over such cases

in the Judiciary Act of 1875.  *Schweiker v. Chilicky*, 487 U.S. 412, 420 (1988).  The

statute currently provides that "[t]he district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States."  28

U.S.C § 1331.  Cases falling within this category are usually said to invoke federal

question jurisdiction or, occasionally, arising under jurisdiction.  13D Charles Alan

Wright, et al., Federal Practice & Procedure § 3561 (3d ed. 2018).

In this matter, Plaintiff asserts that the Court has jurisdiction pursuant to Section

1331 "because rights were deprived and there are federal questions to be answered."

(Doc. # 1 at 4.)  The only claims that can be said arise under the Constitution or laws of

the United States are Claims 3 and 4.  The Court first examines whether Plaintiff's third

and fourth causes of action establish that this Court has federal question jurisdiction. It

concludes that it does not have federal question jurisdiction over these claims for the

reasons discussed below.

    1.    <u>Claim 3 fails to state a claim for relief and must be dismissed pursuant to
Rule 12(b)(6)</u>

Plaintiff's third cause of action, asserted under 42 U.S.C. § 1983, alleges that all

Defendants denied Tiena Price of her procedural due process rights. (Doc. # 1 at 29–

32.) Plaintiff alleges that all Defendants did so "in the Probate Court, in Columbine

Commons, and in the guardianship." (*Id.* at 30.) Tiena Price was "not allowed to attend

hearings that addressed her deprivation . . . of life, liberty, and property," Plaintiff

continues, and "[p]rocedures . . . were not adhered to." (*Id.* at 31.)

The Court presumes Plaintiff is referring to the hearings before and the

procedures of the state probate court concerning Tiena Price's guardianship.[2] In the

factual allegations of his Complaint, Plaintiff describes multiple proceedings before the

state probate court. He alleges that early in 2013, a "secret hearing" was held at the

Logan County District Court, in which the probate court appointed Defendant Allan Price

the emergency guardian and special conservator of Tiena Price and as the temporary

trustee of her trust. (*Id.* at 10.) Plaintiff states that in March 2013, the probate court

held a permanent incapacity hearing that lasted fifteen hours, only three hours of which

Tiena Price attended. (*Id.* at 11–12.) He contends that the probate court did not ask for

---

[2] Multiple Defendants presume that Claim 3 concerns the proceedings before the state probate court. *See, e.g.,* (Doc. # 12 at 4–5; Doc. # 13 at 6.) Plaintiff does not dispute this presumption in his Responses. *See, e.g.,* (Doc. # 23 at 2; Doc. # 24.)

"proof of the significant monies gifted to other family members by Tiena," which Plaintiff

believes would have refuted his siblings' argument that he financially exploited Tiena

Price. (*Id.* at 12.) Plaintiff reports that at the end of the hearing, Defendant Stephen

Price was named Tiena Price's permanent guardian, co-guardian, and as a trustee of

her trust. (*Id.*) Plaintiff alleges that he applied to the probate court to become Tiena

Price's guardian in the summer of 2013. (*Id.* at 13.) In December 2013, another

probate hearing took place "without Tiena being present, even though she had stated . .

. that she wanted to go and was well enough to attend," he continues. (*Id*. at 14.) The

probate court allegedly appointed JoAnne Bennet as Tiena Price's new co-guardian and

conservator. (*Id.*) In 2014, Sean Bell became Tiena Price's guardian at litem, and the

probate court integrated his recommendations (e.g., a full medication evaluation) into a

court order. (*Id.* at 15.) Finally, Plaintiff asserts that Defendants Stephen and Allan

Price requested that JoAnne Bennet be removed as Tiena Price's co-guardian and

conservator beceause Tiena Price could not afford her services and that when the

probate court subsequently accepted JoAnne Bennet's resignation, it made Defendant

Stephen Price the sole guardian and conservator of Tiena Price. (*Id*. at 16.) Plaintiff

does not provide the Court with documentation of these probate proceedings, nor do

Defendants.

Section 1983 provides a cause of action for "the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws" by any person acting

"under color of any statute, ordinance, regulation, custom, or usage, of any State or

Territory." 42 U.S.C. § 1983. In order to state a cause of action under Section 1983, a

plaintiff must make two specific allegations: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citing *Monroe v. Pape*, 365 U.S. 167, 171 (1961)). As to the second element of a Section 1983 claim, "[o]ne acts under color of state law when one exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Brown ex rel. Thomas v. Fletcher*, 624 F. Supp. 2d 593, 598–99 (E.D. Ky. 2008) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Importantly, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1999)). The requirement does, however, include within its scope "apparently private actions which have a 'sufficiently close nexus' with the State to be 'fairly treated as that of the State itself.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

In the instant matter, Plaintiff fails to allege that Defendants "acted under color of state or territorial law" at any of the probate proceedings. Defendants Stephen and Allan Price were surely private parties and their alleged conduct, even if true, had no close nexus to the actions of the probate court itself. Defendants Columbine and CDPHE did not participate in the probate proceedings. Plaintiff's statement that he "views [Defendant Columbine], those running it, and [Defendant CDPHE] who

supervised the facility as acting under color of law when they denied Tiena's Constitutional rights" does nothing to clarify how Defendants Columbine and CDPHE were connected to proceedings before the probate court. (Doc. # 23 at 2.) Finally, the probate court is not a party to this action. Plaintiff therefore fails to allege the second element of a Section 1983 claim. Pursuant to Rule 12(b)(6), Plaintiff's third claim for relief must be dismissed for failure to state a claim for relief, as Defendants Columbine and CDPHE argue. *See* (Doc. # 12 at 4–5; Doc. # 13 at 6–7.)

2.      Claim 4 fails to state a claim for relief and must be dismissed pursuant to Rule 12(b)(6)

In his fourth claim for relief, Plaintiff alleges that Defendant Columbine violated the federal Nursing Home Reform Amendments, specifically 42 U.S.C. § 1396r, which applies to nursing facilities that accept Medicare. (Doc. # 1 at 32–35.) He argues that Defendant Columbine deprived Tiena Price of her right to privacy because "even though she was the second patient given space in Columbine Commons[,] she was moved down the hall to a room right next to the nurses' station and her doorway was left open most of the time," deprived her of her right to participate in group meetings "with her care planning professionals and fiduciaries," and deprived of her right to free choice because she "had no right to exercise self-determination." (*Id.* at 33.) Plaintiff also argues that Defendant Columbine did not provide appropriate pharmaceutical services when Defendant Columbine "cut off her natural supplements because her supplements did not come through their pharmacy" and that it did not given her "a diet that was appropriate for her diabetes." (*Id.* at 34.)

9

Congress enacted the Nursing Home Reform Law in 1987 "to improve the quality of care for Medicaid-eligible nursing home residents." *Resident Councils of Wash. v. Leavitt*, 500 F.3d 1025, 1028 (9th Cir. 2007) (citations omitted). Section 1396r of the law, known as the Nursing Home Reform Amendments ("the NHRA"), establishes that every nursing home resident covered by Medicaid or Medicare is entitled to "skilled nursing care," defined by statute as "the level of care necessary to 'attain the highest practicable physical, mental, and psycho-social well-being of each resident.'" *Newman v. Kelly*, 848 F. Supp. 228, 234 (D.D.C. 1994) (quoting 42 U.S.C. § 1396r(b)(2)). In addition to requiring the provision of specific services and activities, such as nursing services, specialized rehabilitative services, pharmaceutical services, and dietary services, *see* 42 U.S.C. § 1396r(b)(4)(A), the NHRA also "provides a list of 'residents' rights' including categories of (1) general rights (e.g., freedom of choice of physician, freedom from restraints, privacy, confidentiality, grievances, and participation in resident and family groups), (2) transfer and discharge rights, (3) access and visitation rights (4) equal access and quality care, and (5) admissions policy." *Newman*, 848 F. Supp. at 234 (citing 42 U.S.C. § 1396r(c)(1)(A)). The Court presumes Plaintiff refers to these residents' rights in Claim 4, though Plaintiff does not cite to specific subsections of the NHRA. *See generally* (Doc. # 1 at 32–35.)

Plaintiff fails to state a claim for which relief may be granted because the NHRA does not confer an enforceable private right under which he can bring a claim on Tiena Price's behalf against Defendant Columbine. This Court explained this tenet at length in *Hawkins v. County of Bent, Colo.*, in which a nursing facility's former resident alleged

10

that the nursing facility violated her rights by failing to satisfy the standards of quality of

care and resident rights set forth in the NHRA.  800 F. Supp. 2d 1162, 1164 (D. Colo.

2011).  This Court granted the nursing facility's motion to dismiss under Rule 12(b)(6)

because the plaintiff could not bear her "burden of establishing that the [NHRA]

confer[red] upon her an individual federal **right**, *i.e.*, it is not enough to show that

Defendants have violated the [NHRA]." *Id.* at 1165–69.  This Court looked to the

Supreme Court's three-part test, articulated in *Blessing v. Freestone*, 520 U.S. 329

(1997), to determine whether the NHRA conferred an individual federal right:

> First, Congress must have intended that the provision in question benefit
> the plaintiff. Second, the plaintiff must demonstrate that the right allegedly
> protected by the statute is not so 'vague and amorphous' that its
> enforcement would strain judicial competence. Third, the statute must
> unambiguously impose a binding obligation on the States. In other words,
> the provision giving rise to the asserted right must be couched in mandatory
> rather than precatory terms.

*Hawkins*, 800 F. Supp. 2d at 1165–66 (quoting *Blessing*, 520 U.S. at 340–41).  At the

first factor of the *Blessing* test, this Court examined the plain language and the

enforcement scheme of the NHRA to determine whether the NHRA was "sufficiently

'rights-creating.'" *Id.* at 1166 (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286

(2002)).  After detailed examinations of both, this Court concluded that "it is apparent

that Congress did not unambiguously intend to confer an enforceable private right on

[the plaintiff.]" *Id.* at 1169.  Because the plaintiff had failed to demonstrate the existence

of an enforceable private right, the Court did not address the second two factors of the

*Blessing* test and dismissed Plaintiff's claim for failure to state a claim for which relief

may be granted.  *Id*.

The Court need not restate its analysis in *Hawkins* here. It suffices to say that this Court's previous analysis remains sound in the context of this very similar matter. Plaintiff's reliance on *Grammer v. John J. Kane Regional Centers-Glen Hazel*, 570 F.3d 520, 529 (3rd Cir. 2009), in which the Court of the Appeals for the Third Circuit found that the NHRA creates an enforceable individual right, does not move the Court. *See* (Doc. # 1 at 32.) In *Hawkins*, this Court explicitly considered and rejected the Third Circuit's rationale in *Grammer*. 800 F. Supp. 2d at 1167. It explained that "Third Circuit's decision . . . is inconsistent with the strict tests set forth by the Supreme Court," which require that "for a statute to create such private rights, its text must be phrased in terms of persons benefitted." *Id*. (quoting *Gonzaga*, 536 U.S. at 284). This Court observed that the NHRA "is phrased in terms of responsibilities imposed on the state," and therefore does not confer individual enforceable rights. *Id*.; *see Kalan v. Health Ctr. Comm'n of Orange Cty*., 198 F. Supp. 3d 636, 644 n.2 (W.D. Va. 2016) ("join[ing] a number of district courts in concluding that the reasoning in *Grammer* is contrary to the Supreme Court's holding in *Gonzaga*").

Because the NHRA does not confer an enforceable private right on Ms. Tiena or her son, Plaintiff's fourth claim for relief fails to state a claim upon which relief may be granted. The Court agrees with Defendant that Claim 4 must be dismissed pursuant to Rule 12(b)(6). *See* (Doc. # 12 at 5–7.)

3.    Because the only claims arising under federal law have been dismissed, the Court does not have federal question jurisdiction over this matter

Plaintiff's Claims 3 and 4 are the only claims arising under federal law.  Because the Court now dismisses Claims 3 and 4 in their entirety, it follows that this Court does not have federal question jurisdiction over this matter.  *See* 28 U.S.C. § 1331.

## B.    DIVERSITY JURISDICTION

The Court next explores whether it has subject matter jurisdiction from diversity jurisdiction, as Plaintiff asserts.  (Doc. # 1 at 4); *see* 28 U.S.C. § 1332.

1.    Principles of Diversity Jurisdiction

The Constitution states that the judicial power "shall extend to all Cases . . . between Citizens of different States" and "between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."  U.S. Const., Art. III., § 2.  Congress conferred on the federal courts this jurisdiction in the Judiciary Art of 1875.  The relevant statute now provides that federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between – (1) citizens of difference States; (2) citizens of a State and citizens or subjects of a foreign state, . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332(a).  Cases falling in this category are said to have diversity of citizenship jurisdiction or diversity jurisdiction.  *See, e.g., Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *Tinner v. Farmers Ins. Co., Inc.*, 504 F. App'x 710, 713 (10th Cir. 2012).

However, diversity jurisdiction "exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton*, 749 F.3d at 1200 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

2. Application

a. *In the absence of diversity of citizenship, the Court must dismiss Claims 1 and 2 for lack of subject matter jurisdiction*

In his first and second causes of action, Plaintiff asserts negligence claims against Defendants Columbine and Stephen Price only. (Doc. # 1 at 21–29.) It is undisputed that Plaintiff is a citizen of Colorado, as are Defendants Columbine and Stephen Price. (*Id.* at 5–6.) There is no diversity of citizenship between these parties, and the Court must therefore dismiss Claims 1 and 2 for lack of subject matter jurisdiction under Rule 12(b)(1). *See* (Doc. # 12 at 13.)

b. *Claims 5 and 6 must also be dismissed for lack of subject matter jurisdiction, as there is not complete diversity of citizenship between Plaintiff and Defendants*

In Claim 5, Plaintiff asserts a claim of felonious killing under the Colorado Wrongful Death Act against Defendants Stephen Price, Allan Price, and Columbine. (Doc. # 1 at 35–37.) In Claim 6, Plaintiff alleges wrongful death by all Defendants. (*Id.* at 38–39.) As the Court already stated, Plaintiff and Defendants Stephen Price and Columbine are all citizens of Colorado. Defendant CDPHE is also a citizen of Colorado for jurisdictional purposes. *See* (*id.* at 7.) Defendant Allan Price, however, is a citizen of Texas. (*Id.* at 6.)

Because Plaintiff and some Defendants in Claims 5 and 6 are from citizens of Colorado, these claims lack complete diversity of citizenship. The diversity of citizenship between Plaintiff and Defendant Allan Price is insufficient to establish diversity jurisdiction. The Supreme Court has unequivocally stated that "[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute **for each defendant or face dismissal**." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (emphasis added) (citing *Strawbridge v. Curtiss*, 2 L.Ed. 435 (1806)); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). Here, Plaintiff is plainly unable to do so. The Court therefore must also dismiss Claims 5 and 6 for lack of subject matter jurisdiction under Rule 12(b)(1).

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over all of Plaintiff's causes of action. Dismissal is required pursuant to Rule 12(h)(3). It is

FURTHER ORDERED that Defendant Columbine's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. # 12) is GRANTED. It is

FURTHER ORDERED that Plaintiff's Complaint (Doc. # 1) is DISMISSED in its entirety. It is

FURTHER ORDERED that the remaining Motions to Dismiss—Defendant Stephen Price's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (Doc. # 10); Defendant CDPHE's Motion to Dismiss (Doc. # 13); Defendant Allan Price's Motion to Dismiss for Improper Service Pursuant to Rule 4 (Doc. # 22); Defendant Allan Price's Motion to Dismiss for Untimely Alleged Service of Summons (Doc. # 36); and Defendant Columbine's Motion to Dismiss for Failure to File a Certificate of Review (Doc. # 48)—are DENIED AS MOOT.

DATED: September 26, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge